IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENDALL R. YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO FINANCIAL, INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER CONSTRUING PLAINTIFF'S MOTION TO DISMISS AS NOTICE OF DISMISSAL<br><br><br>Case No. 2:10-CV-338 TS |

After Defendant's Motion to Dismiss was filed, Plaintiff filed a motion to dismiss this case without prejudice. Defendants agree that dismissal is appropriate, but argue that the Court should dismiss the case with prejudice because the case law cited in support of its own earlier-filed Motion to Dismiss[1] favors dismissal on the merits.

A Plaintiff may voluntarily dismiss an action without a court order by (1) filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment or (2) filing a stipulated dismissal.[2] Plaintiff has not filed a Notice under Rule

---

[1] Docket No. 4.

[2] Fed. R. Civ. P. 41(a).

1

41(a)(1)(A)(i) and did not cite that rule, or any rule in his motion. Plaintiff is represented by counsel.

The Court agrees with Defendants that the case law cited in Defendants' briefs demonstrates that Plaintiff's claims fail to state a claim upon which relief can be granted. Indeed, the Court notes that the legal theories upon which Plaintiff bases his claims have been repeatedly rejected in this District.[3] However, because Plaintiff's notice of dismissal is filed before the filing of an answer or a motion for summary judgment, the majority rule is that it should be construed as a Motion under Rule 41(a)(1)(A)(i), even though it is mislabeled as a Motion rather than a notice.[4] There is some authority for the contrary rule[5] where, as in the present case, a motion invites action by the court.[6]

---

[3] *E.g. Foster v. BAC Home Loan Servicing, LP,* 2010 WL 3791976, at *3 (D. Utah Sept. 22, 2010) (collecting cases).

[4] *See Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976) (construing plaintiff's "Motion for Dismissal" without prejudice under Rule 41(a)(1) although Rule 41(a)(1) was not cited in the motion); *see also* 8 Moore's Federal Practice § 41.33[5][b] n.26 (3d ed. 2010) (collecting cases where motions for dismissal were treated as notices of dismissal).

[5] 8 Moore, at §41.33 [5][b] n.30. Collecting cases where a motion to dismiss was not treated as a notice including *Parker v. Freightliner Corp.*, 940 F.2d 1019, 1022-23 (7th Cir. 1991), where the Circuit found that the plaintiff's actions precluded treatment of his motion to dismiss as a Notice of dismissal. Those actions included making a non-specific Rule 41 motion for voluntary dismissal "with the court for its consideration—an unnecessary action if he intended to voluntarily dismiss his action pursuant to Rule 41(a)(1)(i)." However, it appears that the Seventh Circuit now follows the majority rule. *See Smith v. Potter,* 513 F.3d 781, 783 (7th Cir. 2008) (construing "motion to voluntarily dismiss the plaintiff's complaint" as a Rule 41(a)(1) motion despite the plaintiff's *counsel* having mis-captioned the filing).

[6] Docket No. 14, at 1 ("request[ing] that the Court dismiss the above referenced case against Defendants without prejudice.")

The Tenth Circuit has not ruled directly on this issue. However in *Janssen v. Harris*,[7] it construed a pro se plaintiff's letter requesting dismissal of his case without prejudice as a Notice under Rule 41(a)(1)(i),[8] despite the fact that the letter did not mention Rule 41.[9] In so doing, it emphasized the absolute right of a plaintiff to dismiss without prejudice. Thus, in *Janssen*, as in the present case, the plaintiff invited action by the court by requesting dismissal, but the request was nonetheless construed as a Rule 41(a)(1)(A)(i) notice. Thus, it appears that the Tenth Circuit would follow the majority rule and construe the Motion as a notice under Rule 41(a)(1)(A)(i). Therefore, the Court construes the Motion as a notice under Rule 41(a)(1)(A)(i), dismissal is without prejudice, the other pending motions are moot, and the clerk of court will close this case without the need for any further direction by the Court.

The Court finds that Plaintiff's counsel's filing of a Motion rather than following the appropriate procedure in filing a Notice of Dismissal under Rule 41(a)(1)(A)(i) has resulted in unnecessary delay to his client.

It is therefore

---

[7]321 F.3d 998 (10th Cir. 2003).

[8]This rule was restyled as Rule 41(a)(1)(A)(i) under the 2007 amendments.

[9]*Jansen,* 321 F.3d at 1000-01.

ORDERED that Plaintiff's Motion to Dismiss (Docket No. 14) is construed as a Notice of Dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i).

DATED March 14, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge